**In the Matter of the ESTATE of Inez N. BILLS, Deceased.**

No. 8411.

Court of Civil Appeals of Texas, Texarkana.

Oct. 19, 1976.

Rehearing Denied Nov. 16, 1976.

C. V. Flanary, Paris, for appellant.

Hardy Moore, Paris, for appellee.

CHADICK, Chief Justice.

This is a will probate case. An application to probate a will was filed in the County Court of Lamar County and thereafter transferred pursuant to Texas Probate Code, Section 5(b) to the Sixth District Court of that County. On motion of a contestant, the District Court dismissed the application. The judgment of the trial court is reversed and the case remanded.

James M. Bills, alleged to be a resident of Lamar County, Texas, and only child of Inez N. Bills, deceased, instituted an application to probate as the will of such decedent a document dated December 12, 1969, alleging he was appointed executor therein and was sole beneficiary thereunder. The sufficiency, as to form, of the application is not questioned. H. E. Neblett, alleged to be a brother of the decedent, and a resident of Cross County, Arkansas, filed a sworn motion to dismiss the Lamar County proceedings. In its pertinent part, the Neblett motion is as follows:

"I. This Court does not have jurisdiction, but instead the Probate Court of Cross County, Arkansas, where a later will has been probated on application duly made, has jurisdiction to determine what is the true last will and testament of Inez N. Bills, deceased; and the courts of Texas will defer to the Arkansas court in a spirit of comity.

II. The question of jurisdiction is also to be determined by the court first acquiring jurisdiction, which in this instance was the Probate Court of Cross County, Arkansas.

III. An application has been filed in this Court to probate as the last will of Inez N. Bills, deceased, a carbon copy of a purported will dated December 12, 1969; said purported will of December 12, 1969, was revoked by the decedent, and is not her last will and testament.

WHEREFORE, contestant prays that the application to probate herein filed be dismissed, and alternatively that it be denied; and contestant prays for costs of suit and general relief."

At a hearing on the motion to dismiss the parties introduced an exemplified transcript of all papers from the Probate Court of Cross County, Arkansas. The papers introduced by contestant Neblett were "inclusive of a Petition for Probate of a Will and Appointment of Personal Representative, Order, Acceptance of Appointment as Personal Representative, Letters Testamentary

and Authentication by Probate Clerk and Probate Judge." Those introduced by applicant Bills were "inclusive of Last Will and Testament of Inez N. Bills, Proof of Will, Authentication of Probate Clerk and Probate Judge, and letter of transmittal from Hardy Moore to Mrs. Myra Nell Wilson, District Clerk, Lamar County, and letter from Hardy Moore to C. V. Flanary." The tender of documents made by contestant Neblett was limited to "the question of jurisdiction and not to establish the truth of any allegation in any of the pleadings of the parties."

## 2

Contestant Neblett argues that the trial court's dismissal order is supported by certain principles enunciated in these cases, to-wit: *Brand, Banking Commissioner et al. v. Eubank,* 81 S.W.2d 1023 (Tex.Civ.App. Texarkana 1935, writ dism'd); *State v. Pritchard,* 236 Ind. 222, 138 N.E.2d 233 (1956); *Layton v. Layton,* 538 S.W.2d 642 (Tex.Civ.App. San Antonio 1976, writ action undetermined). In *Brand* it is shown that Mrs. Eubank, a resident of Texas, filed an equity suit against Brand and others in a Texas court to cancel a note. Her suit was subsequent in time to a suit filed by Brand and others against Mrs. Eubank in Oklahoma to recover on the same note. Apparently, defendants in each action were personally served with process in the state of suit or voluntarily appeared in the respective courts as there is no issue of lack of service or of a court's jurisdiction over a non-resident. Judge Sellers, speaking for this court, disposed of the issue before it in this language:

> ". . . where a case may be brought in either of two courts, the one first acquiring jurisdiction will retain it, . . . this rule extends, on principle of comity, to cases brought in the courts of a sister state."

This opinion will not be extended by a description or analysis of the other two cases; it suffices to say that the non-resident parties therein were served with proc-

ess in the state where exercise of jurisdiction is at issue. Neither of the three is found to be determinative of legal issues encountered in this appeal. The factors that distinguish these cases from this on appeal will emerge in subsequent discussion.

## 3

In addition to an application to probate a document as the will of Mrs. Inez N. Bills, deceased, applicant, James M. Bills, plead that such decedent was domiciled in Lamar County, Texas, at the time of her death and that she died while temporarily residing in Arkansas. When raised as a jurisdictional fact in a proceeding such as this, the courts of Texas are free to determine the issue of the domicile of a testator in a local proceeding, that is, a Texas court having probate jurisdiction. *Holland v. Jackson,* 121 Tex. 1, 37 S.W.2d 726 (1931, opinion adopted); *Barney v. Huff,* 326 S.W.2d 617 (Tex.Civ.App. Austin 1959, writ ref'd n.r.e.); 17 Texas Practice (Woodward & Smith), Sec. 417. The general rule is that in a proceeding of the nature shown, domicile of a decedent may be determined in the courts of the state in which the decedent is alleged to be domiciled. *Riley v. New York Trust Co.,* 315 U.S. 343, 62 S.Ct. 608, 86 L.Ed. 885 (1942); *Baker v. Baker, Eccles & Co.,* 242 U.S. 394, 37 S.Ct. 152, 61 L.Ed. 386 (1917); *Loewenthal v. Mandell,* 125 Fla. 685, 170 So. 169 (1936); *In re Fischer's Estate,* 118 N.J.Eq. 599, 180 A. 633 (Prerog. Ct. N.J. 1935). The rule is applicable here unless applicant James M. Bills has become bound by the order of probate entered in the Probate Court of Cross County, Arkansas, as the result of the operation of the full faith and credit clause of the United States Constitution or the doctrine of res judicata or the doctrine of estoppel by record. See cases last cited.

## 4

Texas must give full faith and credit to the public acts, records and judicial proceedings of the State of Arkansas. United

States Constitution, Art. IV, Sec. 1; 28 U.S.C., Sec. 1738; 34 Tex.Jur.2d, Judgments, Sec. 366. To be entitled to such recognition in the Texas court, the judgment of the Arkansas court must be final, valid, subsisting and conclusive on the merits of the case if again sued upon in Arkansas. 34 Tex.Jur.2d, Judgments, Sec. 368. Additionally, for the probate of a will to bind an interested non-resident, the Arkansas probate court must have acquired jurisdiction over the person of the non-resident. See authorities cited in the paragraph above.

■ The only Arkansas judgment in the record that appears on its face to be final, valid and subsisting is the order admitting the Inez N. Bills will to probate by the Cross County, Arkansas, Probate Court judge. The record shows that the applicant Bills was not notified of the Arkansas proceeding and took no part in it prior to entry of the order of probate contained in the record and that he did not enter an appearance or file pleadings in the Arkansas proceeding until the fifth day after the order in question was rendered. Without investigating the question as to whether, under the circumstances shown, the order of the Arkansas court is final, valid and subsisting under Arkansas law, a decision on the question of full faith and credit may be determined by the absence of jurisdiction of the person of applicant Bills. As stated, requisite jurisdiction is not shown. Texas courts are not required to give full faith and credit, so far as applicant Bills is concerned, to the Arkansas probate order.

5

■ The res judicata doctrine is defined in 34 Tex.Jur.2d, Judgments, Sec. 450, in this language:

"Res judicata is the doctrine that a right, question or fact, distinctly put in issue and directly determined by a court of competent jurisdiction as a ground of recovery or defense, cannot be disputed in a subsequent suit between the same parties or their privies."

For the doctrine to be decisive in this case, it would have been necessary for contestant Neblett to show that the Texas proceeding was between the same parties or their privies that were parties to the Arkansas proceeding in which the order of probate was entered. This he failed to do. As previously stated, the record shows that applicant Bills was not a party to the Arkansas proceeding at or prior to the time the judgment admitting the will to probate was entered. His entry into the case came later and the record shows that no final judgment has been entered upon his belated attempt to secure relief in the Arkansas court.

6

■ A party may be estopped by the record to assert a position or a right in a subsequent lawsuit which is inconsistent with a position or right assumed or asserted in a former proceeding. For a more comprehensive statement of the doctrine see 22 Tex.Jur.2d, Estoppel, Sec. 17. The record shows that applicant Bills' pleadings in the Arkansas proceeding were consistent with the pleadings in his Texas case and contains no final judgment rendered upon the pleadings filed in Arkansas. There is no basis for denying trial of the application to probate the proffered will on this unplead ground. *Barney v. Huff,* supra, at p. 622.

7

■ To sum up, presented in this appeal is a case in which a resident of Texas, following probate of a decedent's will in the Probate Court of Cross County, Arkansas, has applied to probate the same decedent's different and prior will in the County Court of Lamar County, Texas, a county where it is alleged that part of decedent's estate is located and where the decedent is alleged to have been domiciled at the time of her death. The law is settled that the Arkansas judgment of probate is in rem but has no extra-territorial effect upon assets of the decedent's estate in Texas. Outside Arkansas the judgment is in personam and is

binding only upon a Texas resident who is a party to the Arkansas probate proceedings or such party's privy. Again, see *Riley v. New York Trust Co.,* supra; *Baker v. Baker, Eccles & Co.,* supra. These cases hold specifically that if the effect of the Arkansas judgment was to bar a resident of Texas, who was not a party or privy to the Arkansas judgment, from relitigating in Texas courts the issue of the decedent's domicile, such Texas resident would be denied procedural due process.

8

In harmony with the conclusions expressed, the order of the trial court dismissing James M. Bills' application to probate the will of Inez N. Bills, deceased, is reversed and the case remanded.