**Josephine MEYERS, Appellant,**

v.

**FORD MOTOR CREDIT CO., et al., Appellees.**

**No. A2644.**

Court of Civil Appeals of Texas, Houston (14th Dist.).

June 10, 1981.

Carnegie H. Mims, Jr., Jefferson, Sherman & Mims, Houston, for appellant.

John A. Cavin, Ross, Banks, May, Cron & Cavin, Houston, for appellees.

Before J. CURTISS BROWN, C. J., and COULSON and JUNELL, JJ.

JUNELL, Justice.

Josephine Meyers, Plaintiff, appeals from an adverse judgment rendered in a judge-tried case on motion of defendants at close of the plaintiff's case. We reverse and remand.

The plaintiff had purchased an automobile and financed it through Ford Motor Credit Co., which employed Jim Shriner, d/b/a Professional Finance Adjustors, to repossess the automobile for default on the note payments. In her petition plaintiff alleged that Shriner, under Ford's direction, entered on her property at 2:00 a. m. and damaged and destroyed her garage while removing the car; that Shriner had no right to be there; that his entry constituted a trespass; that plaintiff's garage was damaged in the amount of at least $950; that the trespass was malicious and willful and $20,000 in exemplary damages should be awarded; that the manner of repossession of the car constituted a breach of the peace which made the repossession unauthorized, unlawful and an invasion of privacy and thus in violation of § 9.503 of the Tex. Bus. & Com. Code Ann., and for which plaintiff should be compensated in the amount of at least $20,000 in damages.

■ A defendant's motion for judgment at the conclusion of the plaintiff's case in a judge-tried case is equivalent to a motion for directed verdict at the conclusion of the plaintiff's case in a jury trial. *Rhinetubes, Inc. v. Norddeutscher Lloyd*, 335 S.W.2d 269 (Tex.Civ.App.-Houston 1960, writ ref'd n. r. e.); *Burkhardt v. Harris*, 200 S.W.2d 445 (Tex.Civ.App.-Austin 1947, no writ); 4 R. McDonald, Texas Civil Practice § 16.04 (rev. 1971). The correctness of the court's ruling on such motions is tested by the same rules. The court must presume to be true the evidence of the opposite party, who is entitled to the most favorable construction that such evidence will properly bear and to the benefit of all reasonable inferences arising therefrom. All contradictory or countervailing evidence is disregarded. *Evans v. Houston Printing Corporation*, 217 S.W.2d 85 (Tex.Civ.App.-Galveston 1948, writ ref'd n. r. e.).

■ The specific ground of defendant's motion for judgment was that the plaintiff had not provided any proof of damages. We assume this to be a claim that there was no evidence upon which the trial court could make an award of any amount of money as damages. It is true that there is no evidence in the record as to the amount of monetary damages to the garage, which plaintiff alleged to be $950. Also, there is no pleading or evidence concerning the value of the automobile which plaintiff alleged was wrongfully repossessed. However, the plaintiff alleged a willful and malicious trespass for which she sought exemplary damages of at least $20,000. The law is well settled that a trespasser is liable to the property owner even though there is no proof of actual damages in any specific amount. *Henry v. Williams*, 132 S.W.2d 633, Tex.Civ.App.-Beaumont 1939, no writ); 56 Tex.Jur.2d *Trespass* §§ 6 and 32 (1964).

In this record there is evidence which would have supported a finding that the defendant Shriner repossessed the automobile in question by breaking into a locked garage, removing the car therefrom and causing a substantial amount of damage to the plaintiff's garage in the process. This evidence certainly raised a fact issue concerning a willful and malicious trespass, which would have entitled the plaintiff to at least nominal actual damages and would have supported an award of some amount as exemplary damages. 56 Tex.Jur.2d *Trespass* § 33.

Furthermore, the plaintiff alleged and offered sufficient evidence to raise fact issues on her claim that she suffered some actual damages by reason of a breach of the peace committed during the act of repossession of the vehicle. The defendants concede that they had no legal right to break into the plaintiff's locked garage to repossess the car and to cause substantial damage to the garage in removing the car therefrom. They also agreed that such facts, if proven, would constitute a breach of the peace. Shriner testified that the car was in the driveway, not in the garage, when he repossessed it and that the garage was already damaged when he arrived. We are not dealing, however, with findings of fact but with the court's holding that no fact issues were raised. We hold that the evidence clearly raised fact issues concerning a breach of the peace in the manner of repossession. Findings thereon favorable to the plaintiff would justify an award of compensatory damages to the plaintiff under the record before us.

For the reasons set forth above, we hold that the trial court erred in granting the defendants' motion for judgment and we reverse and remand the case for a new trial.