**Philomena Di–Minno HUDSON,
Appellant,**

v.

**Dallas WINN and Regional
Investigators, Inc.,
Appellees.**

No. 01–92–00702–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

July 1, 1993.

Rehearing Denied Aug. 12, 1993.

Bernard J. Dolenz, Dallas, for appellant.

James A. Nesom, Funderburk & Funderburk, L.L.P., Houston, for appellees.

Before OLIVER–PARROTT, C.J., and COHEN and MIRABAL, JJ.

## OPINION

OLIVER–PARROTT, Chief Justice.

We withdraw our opinion, we substitute the following opinion in its stead, and overrule appellant's motion for rehearing.

This is an appeal from a directed verdict in favor of Dallas Winn (Winn) and Regional Investigators, Inc. (Regional), appellees. We affirm.

Philomena Di–Minno Hudson (Hudson), appellant, sued appellees for alleged tortious conduct committed by Winn while being employed by Regional. The trial court rendered a default judgment against Winn and Regional.[1] We reversed the trial court's judgment and remanded the case for further proceedings in strict compliance with the long arm statute. *Winn v. Hudson*, No. 01–89–01247–CV, 1990 WL 122119 (Tex.App.—Houston [1st Dist.], August 23, 1990, writ denied) (unpublished). At the new trial on March 13, 1992, Winn moved for a directed verdict at the end of Hudson's case-in-chief. Since this was a nonjury trial, we can only interpret this motion as a motion for judgment. The trial court granted Winn's motion. The trial court entered findings of fact and conclusions of law, which provided that Hudson take nothing on her claims.

### Background

When William C. Corbett, Jr. died, he left a handwritten will leaving his estate to descendents of his sister. Hudson claimed to be Corbett's common-law wife since

---

1. Winn is a nonresident natural person whose residence is in Illinois and Regional is a foreign corporation and does not maintain an agent for service or engage in business in Texas.

1981. During the pendency of the Corbett estate lawsuit, Lula Fowler (one of 15 heirs to the estate), hired Winn and Regional to investigate Hudson's claim of common-law marriage and to determine if any assets were removed from the estate.

Hudson was a real estate broker in Houston, who worked out of her condominium. On August 13, 1986, Winn, under the guise that he was CIA agent being transferred to the Houston area and was looking for a condominium, sought Hudson's services to assist him. After showing Winn several condominiums, Hudson took Winn to her condominium at Inwood Manor. While at her condominium, Hudson entertained Winn with alcohol and engaged in conversation about her personal life. Winn went to the bathroom on two occasions, during which time Hudson alleges he searched through her medicine cabinet and her bedroom armoire. Winn denies any search. Furthermore, during the course of conversation, Winn wrote, and Hudson signed, on a notepad that "I have not had sex since 1980 ... but twice." After the note was signed, Winn removed the sheet of paper and left, disregarding any of Hudson's requests to return the sheet of paper.

At trial, Hudson testified that she used her condominium as a place of business in the course of her profession as a real estate broker. She further testified that she invited Winn into her condominium, and that it was not unusual for her to entertain clients in her condominium for business purposes. Furthermore, she testified that Winn did not force her to communicate any personal information; but rather, she freely and openly discussed her personal life with Winn. On cross-examination, Winn testified that he was in Hudson's condominium with her consent and only went to the bathroom; not into her bedroom.

**Requests for admissions**

In her first point of error, Hudson asserts the trial court erred in disallowing the requests for admissions, which should have been deemed admitted as a matter of law.

Hudson originally filed this lawsuit in 1988. Hudson attempted service on Winn and Regional pursuant to the Texas long arm statute. TEX.CIV.PRAC. & REM.CODE ANN. § 17.041 (Vernon 1986). Hudson attempted to serve her requests for admissions contemporaneously with her original petition and citation. Hudson served the Texas Secretary of State, and the Secretary of State mailed copies of the process to both Winn and Regional by certified mail, return receipt requested. The certificate provided by the Texas Secretary of State indicates that the citation sent to Winn was returned bearing the notation, "not deliverable as addressed." The citation sent to Regional was returned bearing the notation, "unclaimed." The trial court entered a default judgment against both Winn and Regional, which was overturned on appeal. We reversed the trial court's judgment, holding that Hudson failed to comply with the strict language of the Texas long arm statute and that the trial court had no personal jurisdiction over appellees.

The question before us is whether the requests for admissions should be deemed admitted as a matter of law, pursuant to rule 169 of the Texas Rules of Civil Procedure. The trial court, in an order signed on March 20, 1989, deemed the requests for admissions attached to Hudson's original petition admitted as a matter of law. Hudson argues that Winn and Regional failed to follow the normal procedure to set aside the deemed admissions by filing a motion to have those requests for admissions withdrawn or overturned. We hold that Winn and Regional did not have to do so.

 When the default judgment was appealed, we determined that the trial court lacked personal jurisdiction over Winn and Regional. Therefore, the judgment was void. *Cook v. Cameron*, 733 S.W.2d 137, 140 (Tex.1987). When a court lacks jurisdiction, any action taken by the court is void and should be regarded as if it never existed. *In the Interest of Frost*, 815 S.W.2d 890, 892 (Tex.App.—Amarillo 1991, no writ). Thus, in the absence of jurisdiction, the trial court's order on March 20, 1989, is void.

 Moreover, a copy of the requests for admissions, together with proof of ser-

vice, must be filed with the clerk of the court. TEX.R.CIV.P. 169(1). Proof of service is required before admissions will be deemed against a party. *Rent America, Inc. v. Amarillo Nat'l Bank*, 785 S.W.2d 190, 194 (Tex.App.—Amarillo 1990, writ denied); TEX.R.CIV.P. 169(1). Hudson's attempted service of her requests for admissions in 1988, along with her citation and petition was faulty. At that time, rule 169 of the Texas Rules of Civil Procedure provided that "[a]t any time after the defendant has made appearance in the cause, or time therefore has elapsed, a party may serve upon any other party a written requests for admissions...." *See* TEX. R.CIV.P. 169 comment (Vernon 1990).[2] Service of requests for admissions was only authorized *after* the defendant had answered or the time for defendant's answer had elapsed, but not before. In this case, Hudson served her requests for admissions simultaneously with her petition and citation before Winn's and Regional's answer date. This violated rule 169 at the time of the alleged service.

We overrule Hudson's first point of error.

### Motion for judgment

■ In her second point of error, Hudson asserts that "the trial court erred in granting the motion for directed verdict" because the motion did not state the specific grounds relied on, in violation of TEX. R.CIV.P. 268.

As previously stated, Winn's lawyer called his motion for judgment a motion for directed verdict. Historically, Texas jurisprudence has typically treated both motions identically. *Meyers v. Ford*, 619 S.W.2d 572, 573 (Tex.Civ.App.—Houston [14th Dist.] 1981, no writ). Consequently, when an order sustaining a motion for judgment is appealed, it was reviewed as if the trial below was a jury trial; that is, all evidence presented must be viewed in a light most favorable to appellant, and all contrary inferences disregarded. *Stegman v. Chavers*, 704 S.W.2d 793, 794 (Tex.

App.—Dallas [5th Dist.] 1985, no writ); *Meyers*, 619 S.W.2d at 573.

In 1988, however, the Texas Supreme Court noted that there is an inherent difference between a motion for judgment in a nonjury trial and a motion for directed verdict in a jury trial. *Qantel Business Syst., Inc. v. Custom Controls Co.*, 761 S.W.2d 302, 303 (Tex.1988). The judge in a nonjury has the power to decide fact issues and make determination on the merits. *Id.* at 306 (Gonzales, J., concurring). The trial court in a nonjury trial is authorized to rule on both the factual and legal issues at the close of plaintiff's case-in-chief. *Id.* at 303. Here, Hudson's attorney had fully developed her case-in-chief and had even called Winn to testify. The only step that remained was for Winn's attorney to present the defendant's evidence. This is the exact situation contemplated in *Qantel*. The Texas Supreme Court found that there was no useful result obtained by forcing the court to hear the defendant's evidence when the judge, as the trier of facts, is unpersuaded by plaintiff's claim. *Id.* at 304. Furthermore, it would be more efficient and economical to allow the trial judge to rule on both facts and law at the end of the plaintiff's case and make factual findings upon request. *Id.* Therefore, by granting Winn's motion for judgment, the trial court is presumed to have ruled on the sufficiency of the factual evidence. *Id.* at 305.

We overrule Hudson's second point of error.

### Trespass and invasion of privacy

In her third and fourth points of error, Hudson asserts that the trial court erred in granting the motion for judgment because her invasion of privacy and trespass causes of action raise a material fact issue.

■ In order to sustain Hudson's attack on the factual sufficiency of the evidence to support the motion for judgment, we must conclude that the judgment is "so contrary to the overwhelming weight of all

---

**2.** The rule has been subsequently amended to read "[a]t any time after commencement of the

action...." TEX.R.CIV.P. 169.

relevant evidence as to be clearly wrong and unjust." *Cain v. Bain,* 709 S.W.2d 175, 176 (Tex.1986); *Hickey v. Couchman,* 797 S.W.2d 103, 110 (Tex.App.—Corpus Christi 1990, writ denied). In making this determination, we note that to weigh the evidence, draw inferences from the facts, and choose between conflicting inferences is the function of the trial judge as trier of fact. *Ramo, Inc. v. English,* 500 S.W.2d 461, 467 (Tex.1973). Further, in a nonjury case, it is the trial judge's responsibility to judge the credibility of the witnesses. "The trial judge may accept or reject the testimony of any witness in whole or in part, and while an appellate court may not have reached the same findings, it may not substitute its judgment for that of the trial court." *Forscan Corp. v. Dresser Indus., Inc.,* 789 S.W.2d 389, 394 (Tex.App.—Houston [14th Dist.] 1990, writ denied).

As noted earlier, Hudson testified that she had invited Winn into her condominium and that she discussed her personal life with Winn without any coercion by him. Furthermore, Winn testified that he never went into Hudson's bedroom or medicine cabinet, and she signed her name to the note of her own free will.

From our review of the record, we find there was ample evidence to support the trial court's judgment.

We overrule Hudson's third and fourth points of error.

**Motion for rehearing**

In her motion for rehearing, appellant contends neither Winn or Regional was licensed to conduct investigations in Texas, causing a negligence per se violation of Tex.Rev.Civ.Stat.Ann. art. 4413(29bb), § 13(a) (Vernon Supp.1993) (Private Investigators and Private Security Agencies Act) (the Act).

The requirement to acquire a private investigator license under section 13(a) reads as follows:

It shall be unlawful and punishable as provided in Section 44 of this Act for any person to engage in the business of, or perform any service as, an investigation company, guard company, alarm systems company, armored car company, courier company, or guard dog company or to offer his services in such capacities or engage in any business or business activity required to be licensed by this Act unless he has obtained a license under the provisions of this Act.

Tex.Rev.Civ.Stat.Ann. art. 4413(29bb), § 13(a) (Vernon Supp.1993).

It is undisputed that Winn and Regional were not licensed pursuant to section 13(a). However, even though, a statutory violation may constitute negligence per se, Texas courts still *require* the plaintiff to show the violation of the statute is the cause in fact of the injuries, and that the injuries were foreseeable from the act of negligence. *Missouri Pac. R.R. v. American Statesman,* 552 S.W.2d 99, 103 (Tex.1977); *Yap v. ANR Freight Sys., Inc.,* 789 S.W.2d 424, 427 (Tex.App.—Houston [1st Dist.] 1990, no writ). In this case, the trial court found that the failure of Winn and Regional to acquire a private investigator's license was not a proximate cause of any damages or injuries to appellant. Such finding is supported by the evidence. Moreover, because of our disposition in points of error three and four, we find that there is no violation of any other provision of the Act.[1] Thus, appellant's negligence per se claim fails.

We overrule appellant's point of error on rehearing.

We affirm the trial court's judgment.

---

1. It should be noted that the civil penalty for a violation of the Act is punishable under § 44(e) (enforcement provision), which states "[a]ny person who is not licensed under this Act, who does not have a license application pending, *and* who violates any provision of this Act may be assessed a civil penalty to be paid to the State of Texas not to exceed One Thousand Dollars ($1,000) for each violation." Tex.Rev.Civ.Stat. Ann. art. 4413(29bb) § 44(e) (Vernon Supp.1993) (emphasis added). Appellant did not pray for this relief in her first amended petition.