**HARRIS COUNTY DISTRICT ATTORNEY'S OFFICE, Appellant,**

v.

**Jack L. PENNINGTON, Appellee.**

**No. 01–93–00326–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

Aug. 18, 1994.

William J. Delmore, III, Dist. Atty. Office, Harris County, for appellant.

Colin B. Amann, Houston, for appellee.

Before DUGGAN, O'CONNOR and HEDGES, JJ.

**OPINION**

DUGGAN, Justice.

Appellant, the Harris County District Attorney's Office, appeals from a judgment ordering it and other agencies to expunge their records relating to the December 14, 1991 arrest of appellee, Jack L. Pennington. We reverse and render.

On December 14, 1991, Pennington was a passenger in a car that was stopped by the police. The police incident report showed that the officers stopped the car after its driver ran a stop sign at the intersection of Bonner and Eigel. After stopping the car, one of the officers saw a napkin with a white crystalline substance on the floorboard of the

driver's side of the car. After discovering the white substance on the car's floorboard, the officers searched Pennington and found a vial in his shirt pocket containing four rocks of cocaine. Pennington was arrested, and a grand jury indicted him for cocaine possession.

After his indictment and before trial, Pennington's attorney notified the prosecutor, Tammy Garrett, that there is no stop sign or other traffic control device at the intersection of Bonner and Eigel; therefore, the police incident report was incorrect. Garrett then moved to dismiss Pennington's indictment for insufficient evidence, and the trial court granted the motion.

After his indictment was dismissed, Pennington filed a petition under TEX.CODE CRIM. P.ANN. art. 55.01 (Vernon Supp.1994) [1] to expunge records relating to his 1991 arrest. Article 55.01(a)(2) allows a person to have all records and files relating to an arrest expunged if each of the following conditions exist:

(A) an indictment or information charging him with commission of a felony has not been presented against him for an offense arising out of the transaction for which he was arrested or, if an indictment or information charging him with a commission of a felony was presented, it has been dismissed *and the court finds that it was dismissed because the presentment had been made because of mistake, false information, or other similar reason indicating absence of probable cause at the time of the dismissal to believe the person committed the offense* or because it was void;

(B) he has been released and the charge, if any, has not resulted in a final conviction and, is no longer pending and there was no court ordered probation under Article 42.-12, Code of Criminal Procedure, nor a conditional discharge under Section 481.-109 Health and Safety Code; and

(C) he has not been convicted of a felony in the five years preceding the date of the arrest.

(Emphasis added.)

In points of error one and two, appellant contends there is no evidence or, alternative-

ly, insufficient evidence to support the trial court's judgment because Pennington's indictment was not dismissed due to mistake, false information, or other similar reason indicating absence of probable cause to believe he committed the offense, as required by article 55.01.

■ A person is entitled to have all records of an arrest expunged only when all statutory conditions have been met. *Wilkomirski v. Texas Criminal Info. Ctr.*, 845 S.W.2d 424, 426 (Tex.App.—Houston [1st Dist.] 1992, no writ). The nature of the expunction statute is remedial, and it should be construed liberally. *Ex parte E.E.H.*, 869 S.W.2d 496, 497 (Tex.App.—Houston [1st Dist.] 1993, writ denied). The purpose of article 55.01 is to allow those persons who are wrongfully arrested to expunge their records. *Harris County Dist. Attorney's Office v. J.T.S.*, 807 S.W.2d 572, 574 (Tex.1991); *Wilkomirski*, 845 S.W.2d at 426. The petitioner in an expunction proceeding has the burden of proving compliance with the statutory conditions. *Wilkomirski*, 845 S.W.2d at 426.

■ The parties stipulated that Pennington met the conditions for expunction in subparagraphs (B) and (C) of article 55.01(a)(2): he was released, was not convicted or granted court ordered probation, and had not been convicted of a felony in the five years before his arrest. Thus, the only issue at the expunction hearing was whether Pennington met the condition set forth in subparagraph (A) of article 55.01(a)(2).

At the expunction hearing, Garrett, the prosecutor, testified that the officer who wrote the report explained to her that he must have written down the wrong intersection where the traffic violation occurred. Garrett testified that once she learned of the error in the incident report, she moved to dismiss the indictment for insufficient evidence. Garrett made this decision because she believed that the trial court would have

---

1. This current version of the statutory provision at issue on appeal is substantively the same as the version in effect at the time of appellee's arrest.

granted a motion to suppress the cocaine seized based on the error in the officer's report, and therefore, the evidence would have been inadmissible at trial. She further testified that there was no doubt that the officers found cocaine in Pennington's possession and that there was probable cause to believe that he committed the offense charged in the indictment. Garrett also testified that she believed the officer's explanation for the error in his incident report.

Because no findings of fact and conclusions of law were requested or filed in this case, the applicable standard of review requires that we affirm the judgment if it can be sustained on any reasonable theory supported by the evidence. *Ex parte E.E.H.*, 869 S.W.2d at 497; *Pruet v. Coastal States Trading, Inc.*, 715 S.W.2d 702, 704 (Tex. App.—Houston [1st Dist.] 1986, no writ). We consider only the evidence most favorable to the judgment, and if there is some evidence to support the judgment, we will affirm. *Ex parte E.E.H.*, 869 S.W.2d at 497–98.

The only evidence offered at the hearing was from the prosecutor, who testified that there was probable cause to find Pennington possessed cocaine and that the indictment was not dismissed for that reason. She testified that the indictment was dismissed for insufficient evidence. "Insufficient evidence to convict beyond a reasonable doubt does not support expunction." *Harris County Dist. Attorney's Office v. M.G.G.*, 866 S.W.2d 796, 799 (Tex.App.—Houston [14th Dist.] 1993, no writ). Insufficiency of the evidence neither invalidates an indictment nor calls for its dismissal. *Id.* (citing *Givens v. State*, 438 S.W.2d 810 (Tex.Crim.App.1969)). Therefore, this evidence does not support the trial court's judgment.

The trial court, as fact finder, was the sole judge of the credibility of the witness and could have believed or disbelieved all or any part of the prosecutor's testimony. *Ex parte Aiken*, 766 S.W.2d 580, 582 (Tex.App.—Dallas 1989, no writ). The trial court, in reaching its decision in this case, perhaps did not believe the prosecutor's explanation given by one of the arresting officers that he was mistaken only about where the traffic stop occurred. The trial court could have concluded that the officers did not have probable cause to stop the car in which Pennington was a passenger or probable cause to search and arrest him.

However, if this were the basis for the trial court's decision, an absence of probable cause to effect a valid search and seizure does not vitiate the probable cause necessary for a grand jury to believe that a defendant is guilty of an alleged offense. *M.G.G.*, 866 S.W.2d at 799; *Ex parte Kilberg*, 802 S.W.2d 17, 19 (Tex.App.—El Paso 1990, no writ). Pennington was still required under article 55.01 to prove that the indictment was dismissed for some reason indicating an absence of probable cause to believe he committed the offense. Proof that probable cause did not exist to search and seize does not satisfy the requirements of article 55.01. *Id.* The trial court, as fact finder, might have disbelieved the prosecutor's undisputed evidence that there was probable cause to believe that Pennington possessed cocaine, and that the indictment was not dismissed for that reason. However, the trial court could not infer the opposite from the prosecutor's testimony and affirmatively find that Pennington had shown that no probable cause existed to believe that he possessed the charged contraband.

Pennington had the burden of proof by a preponderance of the evidence at the expunction hearing, and there is no evidence to support the trial court's judgment. Therefore, we sustain point of error one.

We need not reach point of error two regarding the factual sufficiency of the evidence because we found the evidence to be legally insufficient to support the judgment.

The trial court's judgment is reversed, and judgment rendered that the petition for expunction be denied.

We extend this holding to those nonappealing parties named in the trial court's judgment of expunction. *Ex parte Elliot*, 815 S.W.2d 251, 252 (Tex.1991).