HARRIS COUNTY DISTRICT ATTORNEY, John B. Holmes, Jr., Appellant,

v.

Terrance SMALL, Appellee.

No. 01–94–01293–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Jan. 29, 1996.

Rehearing Overruled Feb. 29, 1996.

John B. Holmes, Jr., Scott A. Durfee, William J. Delmore, Houston, for Appellant.

Lewis Dickson, Houston, for Appellee.

Before OLIVER–PARROTT, C.J., and MIRABAL, WILSON and HEDGES, JJ.

## OPINION

OLIVER–PARROTT, Chief Justice.

The trial court granted appellee's, Terrance Small's, petition for expunction and entered its findings of fact and conclusions of law. The Harris County District Attorney appeals.

A grand jury indicted Terrance Small for the offense of possession with intent to deliver a controlled substance. Before trial commenced, Small filed a motion to dismiss based on entrapment as a matter of law. With the motion, Small included tapes of a conversation between Small and an undercover police officer and a transcription of those tapes. The State also provided its own transcript of the tapes. After a preliminary ruling by the judge finding undue duress, at which time the burden to prove otherwise shifted to the State, the State dismissed the cause. Small filed a motion for expunction of records, and an evidentiary hearing was held. A final judgment was signed granting Small his petition for expunction.

In three points of error, appellant, Harris County District Attorney John B. Holmes, Jr. (the State), contends that: (1) there was no evidence to support the trial court's finding that Small's indictment was dismissed because its presentment was the result of mistake, false information, or other similar reason indicating lack of probable cause at the time of dismissal; (2) there was insufficient evidence to support the trial court's finding that Small's indictment was dismissed because its presentment was the result of mistake, false information, or other similar reason indicating lack of probable cause at the time of dismissal to believe Small committed the offense; and (3) the trial court erred in finding that, because Small was entrapped into committing the offense for which expunction was sought, the respondents were estopped from contesting Small's petition for expunction.

### Background Facts

Appellee began working for the Harris County Sheriff's Department as a civilian jailer in January of 1986. Sgt. L.V. Moreau testified that Small had come under suspicion of taking drugs into the jail facility and he, Moreau, was instructed by Sgt. Craig Peeler to investigate this suspicion. Moreau was unable to uncover any suspicious activity. Moreau further testified that his superiors told him that "they didn't like [Small] a whole lot and they would like to find a reason to run him off."

The prosecutor who handled the criminal charge of possession testified in the expunction hearing that Sgt. Nick Griffin of the Harris County Sheriff's Department approached an inmate named Johnny Malone Mitchell to help in a sting operation against Small. Mitchell was to convince Small to meet with Yolanda, an undercover police officer, who was represented to be Mitchell's friend or relative. Mitchell told Small that Yolanda was a beautiful woman with insatiable sexual desires.

Small testified at the expunction hearing that in a conversation with Mitchell, Small was told that Yolanda was in need of counselling for drugs. He further testified that he was interested in having sexual relations with Yolanda. Small met with Yolanda at a Bennigan's Restaurant where they spoke for two hours, a conversation that was taped and monitored by other officers. The quality of the recording was poor; however, throughout the audible portions of the conversation, Yolanda made continued references to sex and drugs. Yolanda asked Small if he would deliver a "present" to Mitch in the jail. Small testified that, initially, he did not know that Yolanda was referring to cocaine when she used the term "present."

Several times after Small learned that it was cocaine Yolanda is referring to, he told Yolanda that he would not be interested in taking drugs into the jail to give to Mitch. Small said "that's not my business ... you know I'm strictly business. And to me that's not business ... I don't get involved in that. I guess [Mitch] was hoping that I would be overwhelmed with your beauty and to the point where I would do anything you wanted me to." At the end of the meeting, Yolanda asked Small to follow her to the restroom, "that she was going in to get something." Small waited for her outside the restroom and, as she came out, she handed him a napkin with a small amount of cocaine wrapped inside and said, "here is my phone number." Yolanda then asked Small, "aren't you going to look at it?" After further discussion Small said, "it would be a blessing if I just put this back in your hand," and tried to put the napkin back into her hand. Yolanda gave the bust signal and a number of

police officers converged upon Small and arrested him.

After reviewing the tapes of this conversation at the entrapment hearing, the judge announced that it was his position that inducement was established, and that the burden to show otherwise had shifted to the State. After taking a recess, the State dismissed the case without the judge having an opportunity to rule on Small's entrapment motion. At the expunction hearing, the prosecutor testified that she dismissed the case because she believed there was a "strong possibility" the trial judge would find entrapment as a matter of law. The trial judge testified at the expunction hearing that in his opinion, based on the evidence before him, he saw no way that the State could have shown that what happened was not the result of undue persuasion.

On November 7, 1994, a civil district judge granted Small's petition for expunction of records and made findings of fact and conclusions of law. The judge concluded that the actions of the female officer constituted entrapment, the filing of the dismissal by the Assistant District Attorney of Harris County constituted proof that no probable cause existed at the time of the filing of the motion to dismiss the charges, and that all respondents to the motion were estopped from contesting the petition for expunction because of the wrongful actions of the police associated with the arrest.

### Points of Error One and Two

In points of error one and two, the State contends there was no evidence or, in the alternative, there was insufficient evidence to support the findings that no probable cause existed at the time of the dismissal to believe Small committed the offense of possession with intent to deliver.

■ In reviewing a no evidence point of error, the reviewing court may consider only the evidence and inferences that tend to support the challenged findings and it must disregard all evidence and inferences to the contrary. *Davis v. City of San Antonio*, 752 S.W.2d 518, 522 (Tex.1988); *Texas Dep't of Public Safety v. Katopodis*, 886 S.W.2d 455,

457 (Tex.App.—Houston [1st Dist.] 1994, no writ). A no evidence point will be sustained only when the record discloses a complete absence of evidence of vital facts.

■ In reviewing a factual insufficiency point of error, the judgment of the trial court will be sustained unless it is shown that the evidence, standing alone, is so weak as to render the judgment clearly wrong or manifestly unjust. *Miller v. Armogida*, 877 S.W.2d 361, 365 (Tex.App.—Houston [1st Dist.] 1994, writ denied). Conclusions of law may be reviewed on appeal if attacked as a matter of law, but not on grounds of sufficiency of evidence as with findings of fact. *Deck & Assoc. v. Crispin*, 888 S.W.2d 56 (Tex.App.—Houston [1st Dist.] 1994, no writ). When specific findings of fact and conclusions of law are filed, along with a complete statement of facts, those findings must be sustained if there is sufficient evidence to support them. *Id.*

■ In a bench trial, the trial judge is the exclusive judge of the credibility of the witnesses and the weight to be given the evidence. *Hudson v. Winn*, 859 S.W.2d 504, 508 (Tex.App.—Houston [1st Dist.] 1993, writ denied). He or she may accept or reject, in whole or in part, the testimony of any witness. *Id.*

■ Entrapment may be raised as a defense when two elements are satisfied: (1) a law enforcement officer induces the defendant to commit the crime (subjective element), and (2) the means used in the inducement would likely cause other persons to commit the crime (objective element). *England v. State*, 887 S.W.2d 902, 908–13 (Tex. Crim.App.1994).

A person is entitled to expunction of the records of an arrest only if each of the following conditions exist:

(1) an indictment or information charging him with commission of a felony has not been presented against him for an offense arising out of the transaction for which he was arrested or, if an indictment or information charging him with a commission of a felony was presented, it has been dismissed and the court finds that it was dismissed because the presentment

had been made because of mistake, false information, or other similar reason indicating **absence of probable cause at the time of the dismissal** to believe the person committed the offense or because it was void;

(2) he has been released and the charge, if any, has not resulted in a final conviction and is no longer pending and there was no court ordered probation under Article 42.13, Code of Criminal Procedure, 1965, as amended, nor a conditional discharge under section 4.12 of the Texas Controlled Substances Act (Article 4476–15 Vernon's Texas Civil Statutes); and

(3) he has not been convicted of a felony in the five years preceding the date of the arrest.

TEX.CODE CRIM.P.ANN. art. 55.01 (Vernon Supp.1993) (emphasis added).

It is undisputed that Small met the conditions of paragraphs two and three above. However, the State argues that there was no evidence or insufficient evidence to support the judge's conclusions of entrapment and no probable cause.

In his findings of fact, the judge found, among other things, that the female narcotics officer handed Small a napkin with her statement "here is my telephone number," when the napkin actually contained cocaine, and that the Assistant District Attorney filed a motion to dismiss the cause, which was granted by the criminal district judge. As a matter of law, the judge concluded that the actions of the female officer constituted entrapment and that the subsequent filing of the motion to dismiss constituted proof that no probable cause existed at the time of filing of such motion.

In support of its argument, the State relies on three recent court of appeals opinions. In *Harris County District Attorney's Office v. Pennington,* 882 S.W.2d 529, 531 (Tex.App.— Houston [1st Dist.] 1994, no writ), this Court held that:

. . . [A]n absence of probable cause to effect a valid search and seizure does not vitiate the probable cause necessary for a grand jury to believe that a defendant is guilty of an alleged offense.

In a similar case, the Fourteenth Court of Appeals held that:

The fact that a determination, subsequent to a grand jury's presentment of an indictment, reveals that some or all of the evidence considered by the grand jury would be inadmissible at trial, does not entitle the defendant to an expunction under Article 55.01. It is not the function of the grand jury to determine the admissibility of the evidence at trial. Although the State, in prosecuting an accused for possession of a controlled substance, must bring forth legally admissible evidence showing that some item was actually contraband and that the accused knowingly possessed it, that same determination is not necessary for a grand jury to believe that the accused actually committed the offense.

*Harris County District Attorney's Office v. M.G.G.,* 866 S.W.2d 796, 799 (Tex.App.— Houston [14th Dist.] 1993, no writ).

Finally, in *Ex parte Kilberg,* 802 S.W.2d 17, 19 (Tex.App.—El Paso 1990, no writ), the El Paso Court of Appeals held, in regard to a dismissal based upon a suppression of evidence:

. . . Petitioner has not carried his burden to show there was no factual underpinning to the presentment and indictment. A showing that the evidence against him was excluded based on procedural grounds is not the same as showing that the fact of his possession was incorrect. Probable cause for a grand jury to believe that a defendant is guilty of an alleged offense is not vitiated by a subsequent dismissal based on the suppression of evidence because of a lack of probable cause to effect a valid search and seizure.

■ These cases, however, are distinguishable from the present case. A dismissal in the face of a motion to suppress in a possession case does not change the fact that the accused knowingly and voluntarily possessed the contraband or evidence. On the other hand, in the present case, it is the State that has set the events in motion to the extent that it is reasonable to conclude Small was entrapped, and therefore did not knowingly or voluntarily possess the contraband.

■ At the expunction hearing, the assistant district attorney testified that she did not participate in the initial investigation of the case nor did she present the case to the grand jury. She testified that when she took over the case, well after the indictment was presented to the grand jury, the transcript of the conversation between Yolanda and Small had not been completed.

In *Harris County District Attorney's Office v. Hopson*, 880 S.W.2d 1 (Tex.App.—Houston [14th Dist.] 1994, no writ), no one present at the expunction hearing knew what was actually presented to or omitted from presentment to the grand jury; nonetheless, the court held that it was a reasonable inference that the grand jury mistakenly relied upon misinformation. Here, it was also reasonable for the judge to infer that the grand jury was not presented with the taped conversation, or transcripts thereof, between Yolanda and Small, and was thus not privy to the entrapment evidence.

■ As was noted above, when specific findings of fact and conclusions of law are filed, along with a complete statement of facts, as was the case here, those findings must be sustained if there is sufficient evidence to support them. *Deck & Assoc.*, 888 S.W.2d at 60. We find there was sufficient evidence present for the judge to conclude that Small was entrapped through the actions of the police and that, at the time of the dismissal, probable cause did not exist to believe Small voluntarily and knowingly possessed the cocaine with the intent to deliver it to the jail inmate as alleged in the indictment.

We overrule the State's first and second points of error.

### Point of Error Three

In its third point of error, the State argues that the trial court erred in finding that, because Small was entrapped into committing the offense for which expunction was sought, the State was estopped from contesting Small's petition for expunction.

The conclusion of law recited the following:

that all respondents are estopped from contesting the Petition for Expunction because of the wrongful actions of the female narcotics officer in entrapping the said Terrance Small, and the State and its subdivisions should not benefit from such wrongful actions.

■ The purpose of the expunction statute[1] is to allow an individual **who has been wrongfully arrested** to expunge the records of that arrest. *Texas Dep't. of Public Safety v. Failla*, 619 S.W.2d 215, 217 (Tex.Civ. App.—Texarkana 1981, no writ). Harris County argues that one who would avail himself of the statutorily created rights embodied in articles 55.01–55.05 cannot invoke the court's equity powers in order to bend the clear requirements of article 55.01. *Texas Department of Public Safety v. Wiggins*, 688 S.W.2d 227, 229 (Tex.App.—El Paso 1985, no writ).

■ The judge did not in any way **bend** or manipulate the requirements of the expunction statute in order to support its conclusions of law. He found that, due to the State's entrapment of Small, no probable cause existed at the time of the filing of the motion to dismiss to believe that Small committed the offense with which he was charged. The practical effect of the conclusion of law is nothing more than that which was contemplated by the expunction statute; namely, a wrongful arrest occurred, and the petitioner was entitled to have the records of that arrest expunged. The judge went further and found that the arrest was wrongful because of entrapment, and found that the State should not, therefore, contest the expunction. The court concluded simply that the State should not be able to "set up" a citizen and then argue there was probable cause to charge him. Here, in a situation where the State chose to make no attempt to contest the entrapment, the judge found that to later try to argue against expunction was barred by equitable estoppel. *See In Re Estate of Bills*, 542 S.W.2d 943, 946 (Tex. App.—Texarkana 1976, writ ref'd n.r.e.). This is an evidentiary matter and does not in any way alter the expunction statute.

1. Tex.Code Crim.P.Ann. art. 55.01 (Vernon Supp. 1993).

The State's third point of error is over-ruled.

We affirm the judgment of the trial court.

HEDGES, J., dissents.

HEDGES, J., requested a vote to determine if the case should be heard en banc, pursuant to Tex.R.App.P. 79(d), (e) and Tex.R.App.P. 90(e).

OLIVER–PARROTT, C.J., and MIRABAL, WILSON, ANDELL and TAFT, JJ., voted against en banc consideration.

COHEN and HUTSON–DUNN, JJ., did not participate.

## DISSENTING OPINION FROM DENIAL OF EN BANC REVIEW

HEDGES, Justice, dissenting.

I respectfully dissent. I would hold that the defense of entrapment, like a successful motion to suppress, does not entitle an applicant to expunction.

A person is entitled to expunction only if the following conditions exist:

(1) an indictment or information charging him with commission of a felony has not been presented against him for an offense arising out of the transaction for which he was arrested or, if an indictment or information charging him with a commission of a felony was presented, it has been dismissed and the court finds that it was dismissed *because the presentment had been made because of mistake, false information, or other similar reason indicating absence of probable cause at the time of the dismissal to believe the person committed the offense* or because it was void . . . .

Tex.Code Crim.P.Ann. art. 55.01 (Vernon 1993) (emphasis added).

Entrapment is a defense established by the following two elements: (1) a law enforcement officer induces the defendant to **commit the crime,** and (2) the means used in the inducement would likely cause other persons to commit the crime. *England v. State,* 887 S.W.2d 902, 908–13 (Tex.Crim.App. 1994). This definition clearly contemplates that the defendant committed the crime; prosecution is prohibited because we have made a societal judgment that in the context of the State's misconduct, it would be unfair to punish the defendant for the illegal behavior. A defendant's guilt is antithetical to the very concept justifying expunction: that there is no probable cause to believe that the defendant committed the offense in the first place.

The majority expands the availability of a tightly drawn remedy. I would avoid doing so. This case is analogous to *Harris County Dist. Atty's Office v. Pennington,* 882 S.W.2d 529 (Tex.App.—Houston [1st Dist.] 1994, no writ); *Harris County Dist. Atty.'s Office v. M.G.G.,* 866 S.W.2d 796 (Tex.App.—Houston [14th Dist.] 1993, no writ); and *Ex parte Kilberg,* 802 S.W.2d 17 (Tex.App.—El Paso 1990, no writ), in which courts have held that absence of probable cause to conduct a valid search and seizure cannot be equated with absence of probable cause for the grand jury to believe that the defendant committed the offense. I disagree with the *majority's* distinction between those cases and the case before us. The majority writes that in the suppression cases, dismissal does not change the fact that the accused knowingly and voluntarily possessed the contraband or evidence. In contrast, the majority believes, the act of entrapment vitiates the elements of knowingly and intentionally in connection with the possession of the contraband. To the contrary, the essence of entrapment is that the defendant knowingly and intentionally committed the crime but is legally excused from punishment because of unacceptable behavior by the State.

Because I believe that in the instance of entrapment, there remains probable cause to believe that the defendant committed the crime, I would hold that appellee is not eligible for expunction of the indictment from his record.

For the foregoing reasons, I would reverse the judgment of the trial court.