# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 23, 2010

No. 09-10722
Summary Calendar

Charles R. Fulbruge III
Clerk

STEPHEN BELL, Individually, and on behalf of others similarly situated; ALEXIS MONRREAL, Individually, and on behalf of others similarly situated; JACQUELINE MONRREAL, Individually, and on behalf of others similarly situated

Plaintiffs-Appellants

v.

AMERICAN TRAFFIC SOLUTIONS, INC.

Defendant-Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:08-CV-2093-G

Before BENAVIDES, PRADO, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Appellants Stephen Bell, Alexis Monrreal, and Jacqueline Monrreal appeal from the district court's dismissal of their negligence per se claim against Appellee American Traffic Solutions, Inc. ("ATS"). We conclude that Appellants

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

lack standing to assert their claim and therefore affirm the district court's dismissal of this case, but vacate its ruling on the merits of Appellants' claim.

I.

In the latter half of 2008, each Appellant ran a red traffic light in either the City of Arlington or the City of Irving and received a notice of a traffic violation. The Cities issued these notices on the basis of photographs taken by traffic cameras installed and operated by ATS in Arlington and Irving. ATS had contracted with the Cities to monitor compliance with traffic lights at certain intersections. Appellants did not contest the notices of violation and each paid fines of $75 to either Arlington or Irving.

Shortly thereafter, in November 2008, Appellants filed the present suit under a novel theory of recovery. They claim that ATS is an "investigations company" that under Tex. Occ. Code Ann. § 1702.101 may not operate without a license from the State of Texas. *See* Tex. Occ. Code Ann. § 1702.104(2) (Vernon 2004) ("A person acts as an investigations company for the purposes of this chapter if the person . . . engages in the business of securing . . . evidence for use before a court, board, officer, or investigating committee . . . ."). Since ATS did not have a license when its cameras captured evidence of Appellants' traffic violations, Appellants argue that ATS's conduct qualifies as negligence per se. Consequently, they seek injunctive relief to block ATS from continuing to operate without a license, reimbursement of fines and related expenses, $3,000,000 in damages, and certification of a class of similarly situated individuals under Rule 23.

The district court held that Appellants had standing under Article III to assert their negligence per se claim. However, after reviewing the factors that Texas courts consider when asked to create negligence per se liability for the violation of a statute, the court also concluded that ATS's alleged violation of section 1702.101 could not establish negligence per se. As a result, it dismissed

No. 09-10722

Appellants' action under Rule 12(b)(6) for failure to state a claim. Appellants now appeal this determination, but we affirm the district court's dismissal, as we find that Appellants lack standing to bring their negligence per se claim.

II.

Whether a district court possesses subject matter jurisdiction is reviewed de novo on appeal. *Sandoz v. Cingular Wireless LLC*, 553 F.3d 913, 915 (5th Cir. 2008). When a district court dismisses a case because lack of subject matter jurisdiction is apparent on the face of the plaintiff's complaint, the factual allegations in the complaint must be accepted as if they were true. *See Williamson v. Tucker*, 645 F.2d 404, 412 (5th Cir. 1981).

"[S]tanding is an essential and unchanging part of the case-or-controversy requirement of Article III." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). When a plaintiff cannot satisfy the standing requirements imposed by Article III, courts lack subject matter jurisdiction over a case. *See Cadle Co. v. Neubauer*, 562 F.3d 369, 371 (5th Cir. 2009). To prove standing to bring a claim in federal court, "a litigant must demonstrate that it has suffered a concrete and particularized injury that is either actual or imminent, that the injury is fairly traceable to the defendant, and that it is likely that a favorable decision will redress that injury." *Massachusetts v. EPA*, 549 U.S. 497, 517 (2007). Although Appellants have not briefed the standing issue on appeal, they advanced several theories of injury in the district court to demonstrate that they have standing to bring suit against ATS for operating traffic light cameras without a license. However, none of these theories are sufficient to provide standing to advance their claims.

First, Appellants claimed in the district court that they have been injured by their traffic citations and related fines and expenses. These injuries, however, cannot create standing. Appellants have not alleged that they were improperly cited for traffic violations by the Cities of Arlington and Irving;

3

instead, they have claimed their violations would not have been discovered were it not for ATS. This interest in evading the law cannot create standing—a plaintiff's complaint that the defendant's actions "will make his criminal activity more difficult lacks standing because his interest is not 'legally protected.'" *Initiative and Referendum Inst. v. Walker*, 450 F.3d 1082, 1093 (10th Cir. 2006) (citing 13 Charles Alan Wright et al., *Federal Practice and Procedure* § 3531.4 (2d ed. Supp. 2005)).

Second, Appellants asserted in the proceedings below that they have been injured by the use of allegedly illegally obtained evidence to prove their traffic violations. Judge Fish concluded that this alleged injury was sufficient to provide Appellants with standing. However, Judge Fish later reconsidered this ruling in a subsequent case filed by a similar group of plaintiffs against another red light camera operator, finding instead that this alleged injury could not create standing. *See Verrando v. ACS State and Local Solutions, Inc.*, No. 3:08-cv-02241-G, 2009 WL 2958370, at *3 (N.D. Tex. Sept. 15, 2009). In *Verrando*, Judge Fish held that illegally obtained evidence may be admitted in civil traffic violation proceedings and that therefore the use of such evidence creates no injury. *See* Tex. Transp. Code Ann. § 707.002 (Vernon Supp. 2009) ("The governing body of a local authority by ordinance may implement a photographic traffic signal enforcement system and provide that the owner of a motor vehicle is liable to the local authority for a *civil penalty* if . . . the vehicle is operated in violation of the instructions of that traffic-control signal . . . ." (emphasis added)); *United States v. Janis*, 428 U.S. 433, 447 (1976) ("In the complex and turbulent history of the [exclusionary] rule, the Court never has applied it to exclude evidence from a civil proceeding, federal or state."); *In re Strategic Impact Corp.*, 214 S.W.3d 484, 488 (Tex. App.—Houston [14th Dist.] 2006, orig. proceeding [mand. denied]) ("In civil cases, even illegally obtained evidence may be admissible at trial."); *State v. Taylor*, 721 S.W.2d 541, 551 (Tex.

No. 09-10722

App.—Tyler 1986, writ ref'd n.r.e.) (appraisal conducted by unlicensed real estate broker held admissible in condemnation case). Consequently, this alleged injury to Appellants is illusory.[1]

Third, in the district court Appellants suggested that ATS's collection of evidence without a license injured their interest in privacy. Even assuming that taking a photograph of a vehicle moving through a public intersection could

---

[1]    We note that one Texas appellate court has held that illegally obtained evidence may be excluded in civil cases, even when the statute in question does not explicitly provide for exclusion. In *Collins v. Collins*, the Texas First Court of Appeals held that evidence obtained in violation of federal and state wiretap statutes may be excluded in civil proceedings. 904 S.W.2d 792, 799 (Tex. App.—Houston [1st Dist.] 1995, writ denied). Specifically, it held that "[a]lthough the Texas wiretap statute does not specifically provide for the exclusion of illegally obtained 'communications,' the provisions for a cause of action for divulging wiretap information and the injunctive remedies . . . are sufficient to rebut the presumption of admissibility under [Texas Rule of Evidence] 402." *Id.* We find *Collins* inapposite in this case for several reasons. First, *Collins* is in tension with the weight of authority discussed above, which provides that illegally obtained evidence is admissible in civil proceedings. Second, unlike the Texas wiretapping statute considered in *Collins*, Texas law does not allow private citizens to sue to enforce section 1702.101's licensing requirement or to seek injunctive relief against disclosure of information obtained without a license. *Compare* Tex. Occ. Code §§ 1702.381-383 (authorizing attorneys for state to file suit to seek injunctive relief and civil penalties for failure to acquire license), *with* § 1702.401 (authorizing private citizens to file complaints with Texas Private Security Board when entities acting as investigations companies fail to acquire licenses). Third, the exclusion of evidence endorsed by the *Collins* court has been called into question by another Texas appellate court. *See Allen v. Mancini*, 170 S.W.3d 167, 172 (Tex. App.—Eastland 2005, pet. denied) (explaining that Texas wiretapping statute "does not address the admissibility of . . . evidence absent an injunction prohibiting the divulgence or use of [the wrongfully obtained] information"). Consequently, we are confident that ATS's photographs of Appellants' vehicles were properly admitted to prove Appellants' traffic violations, even if these photographs were obtained without a license.

create an actionable privacy injury,[2] we conclude that Appellants have not alleged sufficient facts to show causation between their purported privacy injury and ATS's failure to acquire a license. If an investigations license were akin to a warrant and meant to be a procedural means of protecting privacy, the plaintiffs would likely be able to show causation sufficient to proceed in this case. *Cf. Lujan*, 504 U.S. at 573 n.8 (1992) (explaining that plaintiffs can "enforce procedural rights . . . so long as the procedures in question *are designed* to protect some threatened concrete interest . . . that is the ultimate basis of [their] standing" (emphasis added)). However, Texas case law reveals that mere investigation without a license, without more, does not in itself intrude on privacy. In *Hudson v. Winn*, a Texas appellate court considered an invasion of privacy claim filed against an unlicensed investigator. 859 S.W.2d 504, 507-08 (Tex. App.–Houston [1st Dist.] 1993, writ denied). The investigator had lied to gain entry to the plaintiff's home, and then allegedly investigated the nature of the plaintiff's relationship with her deceased partner. *Id*. at 505-06. The plaintiff claimed that the investigator's failure to acquire a license established negligence per se, but the court held against the plaintiff, as it found that the evidence did not show how the failure to acquire a license caused any privacy injury. *Id*. at 508. Similarly, in this case, Appellants have only made the bare allegation that ATS collected evidence without a license, without alleging any facts to demonstrate how ATS's lack of a license contributed to any invasion of

---

[2]    We do not mean to suggest that a defendant's use of public photography against some interest of a plaintiff can never establish an injury-in-fact that would be actionable under Article III. There may be valid privacy concerns regarding such photography, but we do not reach this issue today. *See, e.g.*, Andrew Lavoie, Note, *The Online Zoom Lens: Why Internet Street-Level Mapping Technologies Demand Reconsideration of the Modern-Day Tort Notion of "Public Privacy"*, 43 Ga. L. Rev. 575, 579-82 (2009) (discussing privacy concerns regarding Google Street View).

No. 09-10722

their privacy. Consequently, they have not shown the causation necessary to provide standing to advance their negligence per se claim in federal court. *Cf. Warth v. Seldin*, 422 U.S. 490, 518 (1975) ("It is the responsibility of the complainant clearly to allege facts demonstrating that he is a proper party to invoke judicial resolution of the dispute and the exercise of the court's remedial powers.").

## III.

For the foregoing reasons, we VACATE the district court's dismissal of Appellants' action for failure to state a claim under Rule 12(b)(6). *See Walters v. Edgar*, 163 F.3d 430, 437 (7th Cir. 1998) ("Since . . . the district court never acquired jurisdiction over the present suit, all previous rulings in this litigation in the district court should be vacated . . . ."). However, we AFFIRM the district court's dismissal of this action, as we conclude that Appellants are without standing to assert their negligence per se claim.