**Jan KJELLVANDER and Carolyn Casterline, Plaintiffs,**

v.

**CITICORP and Citibank, N.A., Defendants.**

Civ. A. No. H–93–2665.

United States District Court, S.D. Texas, Houston Division.

June 30, 1994.

Duane D. Guy, Steelhammer & Kendrick, Houston, TX, Cecil W. Casterline, Sayles Lidji & Casterline, Dallas, TX, for plaintiffs.

Allan Brent Diamond, Hughes & Luce, Houston, TX, for defendants.

### MEMORANDUM AND ORDER

CRONE, United States Magistrate Judge.

Pending before the court is Plaintiffs Jan Kjellvander ("Kjellvander") and Caroline

Casterline's ("Casterline") Motion for Leave to file Fourth Amended Complaint (Docket Entry # 37). Plaintiffs seek to amend to clarify their initial claims of false imprisonment and intentional infliction of emotional distress and to assert five additional claims against defendants—false light invasion of privacy, abuse of process, malicious prosecution, defamation, and fraud. Plaintiffs also seek to join Inge Pettersson ("Pettersson") as an additional party plaintiff.

Defendants Citicorp and Citibank, N.A. ("Citibank") contend that, as to the claims for false light invasion of privacy, abuse of process, and malicious prosecution, leave should be denied because plaintiffs have failed to state claims upon which relief may be granted under Fed.R.Civ.P. 12(b)(6). Citibank does not contest plaintiffs' motion for leave to amend with respect to their false imprisonment, intentional infliction of emotional distress, defamation, and fraud claims. Likewise, Citibank does not oppose the joinder of Pettersson as an additional party plaintiff.[1]

After a review of the pending motion, the submissions of the parties, the pleadings, and the applicable law, the court finds that plaintiffs' motion should be granted in part and denied in part.

## I. *Analysis.*

### A. *The Applicable Standard.*

■ For amendment of a complaint to be appropriate, the plaintiff must assert a proper claim for relief. Leave to amend should be denied if the proposed claims are subject to dismissal or an amendment would be futile. *Avatar Exploration v. Chevron U.S.A.*, 933 F.2d 314, 321 (5th Cir.1991); *Pan–Islamic Trade Corp. v. Exxon Corp.*, 632 F.2d 539, 546 (5th Cir.1980), *cert. denied*, 454 U.S. 927, 102 S.Ct. 427, 70 L.Ed.2d 236 (1981). Dismissal under Rule 12(b)(6) is proper if the plaintiff fails to allege either a cognizable legal theory or sufficient facts to support a cognizable legal theory. *Garrett v. Commonwealth Mortgage Corp.*, 938 F.2d

591, 594 (5th Cir.1991); *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir.1988).

■ To survive a motion to dismiss under Rule 12(b)(6), the plaintiff must allege facts, not conclusory allegations, to outline the cause of action. *Guidry v. Bank of La-Place*, 954 F.2d 278, 281 (5th Cir.1992). Although for Rule 12(b)(6) purposes the court must accept all well-pleaded factual allegations as true, the court is not bound by legal characterizations the plaintiff attributes to or infers from the facts. *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir.1982), *cert. denied*, 459 U.S. 1105, 103 S.Ct. 729, 74 L.Ed.2d 953 (1983). A claim should be dismissed or a proposed amendment disallowed if the plaintiff fails to plead facts that, if established, would entitle the plaintiff to relief. *Garrett v. Commonwealth Mortgage Corp.*, 938 F.2d at 594.

### B. *Specific Claims.*

#### 1. *False Light Invasion of Privacy.*

■ Plaintiffs allege that Citibank knowingly, recklessly, intentionally, and negligently made inaccurate statements concerning Kjellvander's private business dealings to the London police and to the public at large that caused Kjellvander, Casterline, and Pettersson to be publicly taken into custody. Plaintiffs also contend that they were subsequently branded as members of organized crime, causing them to be viewed by their business associates and the general public as having a relationship to criminal activity, and thus, placing them in a false light.

On June 22, 1994, the Texas Supreme Court held that the tort of false light invasion of privacy is not recognized in this state. *Cain v. Hearst Corp.*, 878 S.W.2d 577, 578–80 (Tex.1994). In rejecting the tort, the Court reasoned that: (1) it largely duplicates other rights of recovery, particularly defamation and (2) it lacks many of the procedural limitations that accompany actions for defamation, thus unacceptably increasing the tension

---

**1.** The court notes that plaintiffs persist in naming Paul Keyton and Network Security Management, Ltd. as defendants in the style of the case. Their names should not appear in the style, as they have never been properly joined as defendants in this case.

that already exists between free speech constitutional guarantees and tort law. *Id.* 878 S.W.2d at 580. Accordingly, plaintiffs' motion for leave to amend their complaint to add a claim for false light invasion of privacy is denied, as it is not a cognizable legal theory under Texas law.

### 2. *Abuse of Process.*

■ In their proposed fourth amended complaint, plaintiffs assert that Citibank is liable for abuse of process because it "[is] believed to have caused and used the legal process of arrest and imprisonment in England to cause the incarceration of plaintiffs, not for the purpose of charging plaintiffs with any crime, but with an intent to usurp valuable business from the plaintiffs and obtain from plaintiffs evidence in other unrelated civil proceedings being prosecuted by the defendants." Abuse of process is the malicious misuse or misapplication of a regularly issued civil or criminal process to obtain a result not lawfully warranted or properly attainable by the process. *Tandy Corp. v. McGregor*, 527 S.W.2d 246, 249 (Tex.Civ. App.—Texarkana 1975, writ ref'd n.r.e.). "Process" is traditionally defined as the writ, summons, mandate, or other process which is used to inform the defendant of the beginning of judicial proceedings against him and to compel his appearance in court. *Snyder v. Byrne*, 770 S.W.2d 65, 69 (Tex.App.—Corpus Christi 1989, no writ). In a narrow sense, process refers to individual writs issued by the court during or after judicial proceedings. *Id.* In a criminal proceeding, process has been broadly interpreted to include the entire range of procedures connected with judicial proceedings after the arrest warrant has issued. *Id.*

■ When valid and regular process has been properly issued, three elements must exist to sustain a cause of action for abuse of process:

(1) the defendant made an illegal, improper, or perverted use of process, a use neither warranted nor authorized by the process;

(2) the defendant had an ulterior motive or purpose in exercising such illegal, perverted or improper use of process; and

(3) the plaintiff suffered damage as a result of such irregular act.

*Futerfas v. Park Towers*, 707 S.W.2d 149, 160 (Tex.App.—Dallas 1986, writ ref'd n.r.e.). The mere issuance of process is not actionable as an abuse of process. There must be use of the process, and that use must of itself be without the scope of the process, and, hence, improper. *Tandy Corp. v. McGregor*, 527 S.W.2d at 249. An action for abuse of process cannot be maintained where the process was employed to perform no other function than that intended by law. *Id.; Blackstock v. Tatum*, 396 S.W.2d 463, 467 (Tex.Civ. App.—Houston [1st Dist.] 1965, no writ). The misuse of process must be an improper use of the process after its issuance, not merely the improper procurement of process. *Snyder v. Byrne*, 770 S.W.2d at 69; *Martin v. Trevino*, 578 S.W.2d 763, 769 (Tex.Civ. App.—Corpus Christi 1978, writ ref'd n.r.e.).

■ In the instant case, plaintiffs were arrested and subsequently released. No formal criminal proceedings were instituted against them. In the absence of further criminal proceedings, the plaintiffs' arrest and subsequent detention provide an inadequate factual basis for an abuse of process claim under Texas law. *See J.C. Penney Co. v. Gilford*, 422 S.W.2d 25, 31 (Tex.Civ.App.— Houston [1st Dist.] 1967, writ ref'd n.r.e.). Thus, plaintiffs' proposed amendment does not withstand scrutiny under Rule 12(b)(6), as it does not include the requisite allegations of *post*-issuance abuse of process. Accordingly, plaintiffs' motion for leave to amend to add an abuse of process claims is denied.

### 3. *Malicious Prosecution.*

In their proposed complaint, plaintiffs allege that Citibank acted with ill will, evil motive, and reckless disregard for their rights by making inaccurate and false statements about the plaintiffs, and failing to investigate or discover all the facts, in order to persuade the London police to arrest and detain them. The plaintiffs were released ten hours after their arrest and were permit-

ted to leave the country several days later after being presented with a bail cancellation notice which states, "Police are satisfied you are not involved in the commission of a crime." Plaintiffs allege that the police "dropped all charges and released Plaintiffs, telling Plaintiffs of their innocence and precisely who had wrongfully charged out a complaint against Plaintiffs." Plaintiffs further allege that the police advised them that "Citibank had intentionally brought up charges against Plaintiffs," none of which had merit and all of which were lacking in probable cause. Based upon these facts, plaintiffs contend that Citibank should be held liable for maliciously instituting a criminal prosecution against them.

 The tort of malicious prosecution is the malicious institution of a criminal prosecution or civil suit without probable cause. *Morris v. Hargrove*, 351 S.W.2d 666, 667 (Tex.Civ.App.—Austin 1961, writ ref'd n.r.e.). The elements of a malicious prosecution action are:

(1) a criminal prosecution was commenced against the plaintiff;

(2) the prosecution was initiated or procured by the defendant;

(3) the prosecution terminated in favor of the plaintiff;

(4) the plaintiff was innocent;

(5) the defendant lacked probable cause to bring about the proceeding;

(6) the defendant acted with malice in bringing about the proceeding; and

(7) the plaintiff suffered damages as a result.

*Browning–Ferris Indus., Inc. v. Lieck,* 881 S.W.2d 288, 292–93, 293–94 (Tex.1994); *Closs v. Goose Creek Consol. Indep. Sch. Dist.,* 874 S.W.2d 859, 877 (Tex.App.—Texarkana 1994); *Compton v. Calabria,* 811 S.W.2d 945, 950 (Tex.App.—Dallas 1991, no writ); *Coniglio v. Snyder,* 756 S.W.2d 743, 744 (Tex.App.—Corpus Christi 1988, writ denied); *Diamond Shamrock Corp. v. Ortiz,* 753 S.W.2d 238, 241 (Tex.App.—Corpus Christi 1988, writ denied). Citibank contends that plaintiffs have failed to allege sufficient facts to support a claim for malicious prosecution. Specifically,

Citibank argues that plaintiffs have not satisfied the first, third, or fifth elements of such a claim.

a. *Commencement and Termination of a Criminal Prosecution.*

 Citibank contends that a mere police arrest, without a warrant, citation, information, or indictment having been issued, is not a "commencement of a criminal proceeding or prosecution." Citibank overlooks the fact that the plaintiffs were arrested in London, where an arrest without a warrant is permitted if the police officer has reasonable grounds for suspecting that an arrestable offense has been committed and that the individual to be arrested is guilty of the offense. *See* Police and Criminal Evidence Act 1984. Thus, no warrant, citation, information, or indictment was needed. According to plaintiffs, the arrest was precipitated by Citibank wrongfully charging out a complaint against them. Citibank's lodging a complaint against the plaintiffs with the London police to procure their arrest would appear to be a sufficient commencement of a criminal prosecution to trigger a claim for malicious prosecution, if the other conditions are met. Under Texas law, the filing of a complaint by a private citizen which leads to the arrest of the plaintiff is considered a "commencement" of criminal proceedings, even if the plaintiff is released a few days later without any further action being taken against him. *See J.C. Penney Co. v. Gilford,* 422 S.W.2d at 27–28.

Citibank also contends that although the plaintiffs were released from custody by the London Police with a written statement exonerating them, the prosecution did not terminate in the plaintiffs' favor. Citibank's reasoning contravenes the holding in *Gilford,* where the court, in affirming a judgment for malicious prosecution, found that a criminal prosecution "terminated" in the plaintiff's favor when he was released from custody prior to the commencement of any further proceedings after the complainant determined that he had identified the wrong person as the perpetrator of the crime. In contrast, in a case where criminal complaints were filed

against an individual but no arrest was made, the court found no termination in favor of the plaintiff, presumably because no criminal prosecution had ever commenced. *Futerfas v. Park Towers,* 707 S.W.2d at 161. If, however, an arrest had been made, as in this case and in *Gilford,* the outcome likely would have been different. As discussed in *Texas Skaggs, Inc. v. Graves,* 582 S.W.2d 863, 866–67 (Tex.Civ.App.—Texarkana 1979, no writ), different types of termination are sufficient to sustain a malicious prosecution suit, including a dismissal or abandonment of the prosecution by the prosecuting attorney or the complainant such that the particular proceeding is ended and new process or other official action is required to commence a new prosecution. Here, it cannot seriously be questioned that the proceedings ended with a favorable outcome for the plaintiffs.

Thus, plaintiffs have stated sufficient facts to allege that a criminal prosecution was commenced and terminated in their favor, thus satisfying these elements of a malicious prosecution claim.

### b. *Probable Cause.*

 Probable cause for a criminal prosecution is defined as the existence of such facts and circumstances as would excite belief in the mind of a reasonable person, acting on facts within his knowledge, that the person charged is guilty of the crime for which he was prosecuted. *Akin v. Dahl,* 661 S.W.2d 917, 921 (Tex.1983), *cert. denied,* 466 U.S. 938, 104 S.Ct. 1911, 80 L.Ed.2d 460 (1984). Generally, a party whose aid or cooperation causes a criminal complaint to be filed does so on probable cause when the party, in good faith, makes a full and fair disclosure to the prosecuting authority of the facts and circumstances known to the charging party. *See Closs v. Goose Creek Consol. Indep. Sch. Dist.,* 874 S.W.2d at 877–78; *Compton v. Calabria,* 811 S.W.2d at 950.

 Probable cause does not exist, however, if the charging party knowingly makes false statements to the prosecuting attorney or withholds material facts. *Closs v. Goose Creek Consol. Indep. Sch. Dist.,* 874 S.W.2d at 872–73; *Compton v. Calabria,* 811 S.W.2d at 950; *Marathon Oil Co. v. Salazar,* 682 S.W.2d 624, 627 (Tex.App.—Houston [1st Dist.] 1984, writ ref'd n.r.e.); *Thomas v. Cisneros,* 596 S.W.2d 313, 316–17 (Tex.Civ. App.—Austin 1980, writ ref'd n.r.e.). Thus, a private citizen may be held liable for malicious prosecution when he relays information known to him to be false and the official's decision to commence the prosecution was based upon this false information. *Browning–Ferris Indus., Inc. v. Lieck,* 881 S.W.2d at 293–94. In the case at bar, plaintiffs allege that Citibank provided information to the London police, which it knew to be false, and it was because of this information that the London police arrested them. Thus, plaintiffs have stated sufficient facts to satisfy the lack of probable cause element of this cause of action.

Accordingly, plaintiffs' motion for leave to amend their complaint to add a claim for malicious prosecution is granted.

## II. *Conclusion.*

Plaintiffs' Motion for Leave to file a Fourth Amended Complaint is DENIED with respect to their claims of false light invasion of privacy and abuse of process. The balance of the motion is GRANTED. Plaintiffs are granted leave to amend their complaint with respect to their claims of false imprisonment, intentional infliction of emotional distress, defamation, malicious prosecution, and fraud and to join Inge Pettersson as a party plaintiff. Plaintiffs shall refile their Fourth Amended Complaint, deleting their claims of false light invasion of privacy and abuse of process and removing Paul Keyton and Network Security Management, Ltd. as named defendants.

IT IS SO ORDERED.