**Pete & Maxine Delores KASPRZAK, Plaintiffs,**

v.

**AMERICAN GENERAL LIFE & ACCIDENT INSURANCE COMPANY and American General Corporation, Defendants.**

**No. 1:95–CV–0903.**

United States District Court, E.D. Texas, Beaumont Division.

Sept. 18, 1996.

David L. Sheller, Jerry L. Bryan II, Houston, TX, for Plaintiffs.

Walter B. Stuart IV, Christopher W. Byrd, Vinson & Elkins, Houston, TX, for Defendants.

## MEMORANDUM OPINION

COBB, District Judge.

During a Case Management Conference before this court, counsel for defendants American General Life and Accident Insurance Company (AGLA) and American General Corporation (AGC) raised the issue of whether plaintiffs Pete and Maxine Delores Kasprzak (plaintiffs) had standing to pursue this case. In response to the defense counsel's argument, this court asked the parties to submit written briefs detailing the parties' views as to how this case is to proceed. The court has reviewed the parties' written submissions and considered their oral argument. For the reasons given below, the court will dismiss all claims against AGLA and AGC, *sua sponte.*

Also pending before the court is the plaintiffs' Motion for Leave to File an Amended Complaint. If the Amended Complaint were filed, it would be subject to dismissal. Accordingly, the court will deny the plaintiffs' pending motion.

### Background

This action concerns alleged misrepresentations concerning the sale of "vanishing premium" life insurance policies by AGLA, which were supposedly purchased by the plaintiffs. A purchaser of a "vanishing premium" policy hopes that the insurance company will be successful in investing the policyholder's capital, so that he would not have to pay premiums in the future.

Claiming that they and other Texas residents were misled and defrauded by AGLA when they purchased a "vanishing premium" policy, plaintiffs wish to commence a class action seeking damages for breach of contract, breach of fiduciary duty, negligence, fraud, negligent misrepresentations, unjust enrichment, and imposition of constructive trust.[1] Plaintiffs also seek leave to file an Amended Complaint, adding causes of action under the Deceptive Trade Practices Act and the Texas Insurance Code.

On March 7, 1996, counsel for the Plaintiffs conceded before this court that the plaintiffs never, in fact, purchased "vanishing premium" policies from AGLA. Transcript of March 7, 1996 Case Management Conference. It turned out that the Plaintiffs, who are illiterate, actually purchased a "disability premium waiver" policy—an insurance product under which the premiums are waived if the policyholder becomes disabled—and hence, a product different from and unrelated to a "vanishing premium" policy. *Id.* at 5.

### Discussion

### I. Claims Against AGC

Both the Original and the Amended Complaint name AGC as a defendant in this action. In a previous opinion, this court has already held that the plaintiffs had fraudulently joined defendant AGC. *Kasprzak v. American General Life & Acc. Ins. Co.,* 914 F.Supp. 144 (E.D.Tex.1996). Consequently, all claims asserted against AGC are dismissed.

### II. Standing

Article III of the United States Constitution limits federal courts' jurisdiction to "cases" and "controversies." U.S. Const. Art. III, § 2. An "essential and unchanging" component of this cases-or-controversy requirement is the doctrine of standing, or the need to show that the plaintiff has a direct, personal stake in the outcome of a suit. *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560, 112 S.Ct. 2130, 2136, 119 L.Ed.2d 351 (1992) (citations omitted). To satisfy the standing requirement, a plaintiff must demonstrate: (i) an injury in fact; (ii) traceable to the defendant's challenged conduct; and (iii) likely to be redressed by a favorable decision of this court. *Id.* at 560–61, 112 S.Ct. at 2136. Since standing is an essential component of federal jurisdiction, lack of standing can be raised at any time by a party or by the court. *Sommers Drug Stores Emp. Trust v. Corrigan,* 883 F.2d 345 (5th Cir.1993).

### 1. Injury in Fact

Both the Original and the Amended Complaints allege certain fraudulent acts and misrepresentations by AGLA concerning AGLA's sale of vanishing premium life insurance policies to the plaintiffs. *See, e.g.,* Complaint at 2, 10, 12; Amended Complaint at 1, 9, 10. As it turned out, the plaintiffs never purchased a "vanishing premium" policy from AGLA. Accordingly, the injury which the plaintiffs allege in their pleadings was not in fact suffered by the plaintiffs.

The plaintiffs' failure to plead any injury which they actually suffered is fatal to their claim. Because the plaintiffs did not buy a "vanishing premium" policy, the plaintiffs did not suffer any injury stemming from AGLA's alleged participation in the sale of "vanishing premium" policies.

### 2. Injury Traceable to Challenged Conduct

While a review of the plaintiffs' pleadings does not indicate that the plaintiffs have suffered an injury in fact, the plaintiffs argue that they have standing because they allegedly suffered some injury in their transactions with AGLA relating to their purchase of a "disability premium waiver" policy. Yet, even if the plaintiffs were injured from their purchase of a "disability premium waiver" policy, such injury cannot serve as a basis for arguing that plaintiffs have standing in a law suit relating to an insurance product which the plaintiffs did not buy.

Standing requires "a causal connection between the injury and the conduct complained of—the injury has to be fairly traceable to the challenged action of the de-

---

1. For further detail, see this court's previous opinion pertaining to this matter.

fendant." *Lujan,* 504 U.S. at 560, 112 S.Ct. at 2136 (citations omitted.) In this case, the only "challenged action" is AGLA's alleged improprieties in its sale of "vanishing premium" policies, a matter unrelated to any injury that the plaintiffs might have suffered. The standing doctrine prohibits a plaintiff who was subject to one type of injurious conduct from "litigating conduct of another kind, although similar, to which he has not been subject." *Vuyanich v. Republic Nat. Bank,* 723 F.2d 1195, 1200 (5th Cir.), *cert. denied,* 469 U.S. 1073, 105 S.Ct. 567, 83 L.Ed.2d 507 (1984) (quoting *Blum v. Yaretsky,* 457 U.S. 991, 999, 102 S.Ct. 2777, 2784, 73 L.Ed.2d 534 (1983)). Accordingly, this Court finds that the plaintiffs' argument that they have standing to litigate in this case—because they have a potential cause of action against AGLA based on an entirely different insurance product—is a long-shot which ran out of the money.

### 3. Redressability

Moreover, because the plaintiffs did not purchase a "vanishing premium" policy, they would not be entitled to damages even if all of the allegations in their pleadings were true. Because the plaintiffs, in fact, do not have any stake in an action concerning the sale of "vanishing premium" policies, whatever injuries they might have suffered will not be redressed by the relief which their pleadings seek. Accordingly, no case or controversy exists in this action because the plaintiffs lack standing to pursue the claims asserted.

### III. Appropriate Representation

The plaintiffs argue that even if the named plaintiffs do not have standing to bring this case, this case should not be dismissed because there *might yet be* a controversy between a class *proposed* in the plaintiffs' pleadings and AGLA. In essence, the plaintiffs urge this court to cure their lack of standing by giving their counsel additional time to corral a client who actually suffered an injury complained of in the plaintiffs' pleadings.

The plaintiffs' argument is ill conceived and without merit. Taken to its logical con-

clusion, it implies that anybody—even those not actually injured—could rush to a federal courthouse, file a claim on his own behalf for the sole purpose of utilizing discovery to create a case or controversy, only to be permitted to round up a party actually injured. Yet, plaintiffs' counsel creatively argues that even if the named class representative cannot and does not meet the standing requirement, this court should ignore the threshold issue of standing and proceed to inquire whether a real class representative can be found for the proposed class in the named plaintiffs' pleadings, pursuant to Federal Rule of Civil Procedure 23 (hereinafter Rule 23).

To support this unusually inventive device, the plaintiffs cite numerous cases where the Fifth Circuit discussed whether a particular named class representatives should be substituted for more suitable class representatives pursuant to Rule 23. *See, e.g., Ford v. United States Steel Corp.,* 638 F.2d 753 (5th Cir.1981) (after district court decertified class on the ground that the named plaintiff was no longer an appropriate class representative, the Fifth Circuit remanded the case to district court, holding that district judge may substitute the named plaintiff with a more suitable class representative, should he determine that the decertification of the class may prejudice those who relied on the initial class certification); *Armour v. Anniston,* 622 F.2d 1226 (5th Cir.1980) (once the class's named representative's claim becomes moot, trial court should inquire whether a substitute class representative should be appointed); *Satterwhite v. Greenville,* 634 F.2d 231 (5th Cir.1981) (same).

Fatal to the plaintiffs' argument, however, is the fact that in every case cited by the plaintiffs, each plaintiff met the requirement of standing to have his or her individual claim tried on the merits. In sharp contrast, the plaintiffs in this case never possessed standing with respect to the allegations in their pleadings, and cannot do so. The cases cited by the plaintiffs dealt with issues of mootness and prejudice which are irrelevant in this action. Because the named plaintiffs in this case failed to demonstrate standing, "none may seek relief on behalf of himself or

 **307**

any other member of the [purported] class." *Vuyanich,* 723 F.2d at 1200 (quoting *O'Shea v. Littleton,* 414 U.S. 488, 494, 94 S.Ct. 669, 675, 38 L.Ed.2d 674 (1974)).

Contrary to the plaintiffs' flawed argument, the issue of standing does not turn on whether a controversy exists between a *proposed* class and the defendants. Rather, "the named plaintiffs 'must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class to which they belong and which they purport to represent.'" *Id.* (quoting *Warth v. Seldin,* 422 U.S. 490, 502, 95 S.Ct. 2197, 2207, 45 L.Ed.2d 343 (1975)). The Plaintiffs have not come close to making such an allegation in this case. Accordingly, their fate is sealed: this case must be dismissed.

## IV. Leave to File Amended Complaint

■ Though the plaintiffs do not meet the standing requirement, they nonetheless seek leave to file an Amended Complaint. The Amended Complaint basically reiterates the same allegations as the Original Complaint, and seeks to add causes of action under the Deceptive Trade Practices Act and the Texas Insurance Code. Amended Complaint at 1, 4, 8–10, 17–19.

If the Amended Complaint were filed, it would not cure the plaintiffs' lack of standing. Since the Amended Complaint would thus also be subject to dismissal for lack of standing, granting leave would be an exercise in futility. Accordingly, the plaintiff's Motion for Leave to file an Amended Complaint is denied, *Avatar Exploration v. Chevron U.S.A.,* 933 F.2d 314, 321 (5th Cir.1991); *Kjellvander v. Citicorp,* 156 F.R.D. 138, 141 (S.D.Tex.1994) ("Leave to amend should be denied if the proposed claims are subject to dismissal or an amendment would be futile."), as the court will dismiss this case for lack of standing.

## Conclusion

For the reasons set forth above, the court denies the plaintiffs' Motion for Leave to File an Amended Complaint, dismisses all claims against AGC for the reasons given in this Court's previous opinion, and dismisses all claims against AGLA, *sua sponte,* for lack of standing.